Affirmed.
On 3 February, 1934, an action was begun in the Superior Court of Madison County by Flossie Sprinkle, a minor, appearing by her next friend, E. L. Wheeler, against J. B. Cain, clerk of the Superior Court of Buncombe County, and the sureties on his official bond.
On the facts alleged in her complaint, the plaintiff demanded judgment that she recover of the defendants the sum of $3,378.56, as damages which she alleged she had sustained by reason of certain defaults by the defendant J. B. Cain, as clerk of the Superior Court of Buncombe County.
After pleadings were filed, on motion of the defendants the action was removed from the Superior Court of Madison County to the Superior Court of Buncombe County for trial.
While the action was pending in the Superior Court of Buncombe County, to wit: On 14 July, 1934, the defendant J. B. Cain died. Edith C. Cain was duly appointed and duly qualified as executrix of the said J. B. Cain, deceased. Thereafter this action was begun in the Superior Court of Buncombe County against Edith C. Cain, executrix of J. B. Cain, deceased, and the sureties on his successive official bonds as clerk of the Superior Court of said county. The complaint in the action is in the nature of a creditor's bill.
On 5 October, 1934, the action, which had been removed from the Superior Court of Madison County to the Superior Court of Buncombe County, and which was then pending in the latter court for trial, was consolidated with this action. J. E. Swain had theretofore been appointed as receiver in this action, and had been ordered and directed by the court to hear claims against the estate of J. B. Cain, deceased, and the sureties on his official bonds as clerk of the Superior Court of Buncombe County, and to report to the court his findings of fact and conclusions of law with respect to such claims. *Page 768 
The claim of Flossie Sprinkle, a minor, appearing by her next friend, E. L. Wheeler, based on the facts alleged in her complaint in the action which was begun in the Superior Court of Madison County, and which was thereafter removed from said court to the Superior Court of Buncombe County and consolidated with this action, was duly heard by J. E. Swain, receiver, who thereafter filed his report on said claim, setting out in said report his findings of fact and conclusions of law, which are substantially as follows:
FINDINGS OF FACT.
1. Johnny R. Sprinkle died domiciled in Buncombe County, North Carolina, on or about 1 January, 1923. He left a last will and testament, which was duly probated and recorded in the office of the clerk of the Superior Court of Buncombe County. By said last will and testament he devised and bequeathed all his property, real and personal, to his wife and to his four children, three of whom were born of his first marriage. The youngest of said children, Flossie Sprinkle, was born of his second marriage and was about three years of age at the death of her father. After his death, and some time prior to 1926, the widow of Johnny R. Sprinkle, and the mother of Flossie Sprinkle, intermarried with H. K. Wheeler, a resident of Madison County, North Carolina, and after said marriage removed with the said Flossie Sprinkle to Madison County, where she and the said Flossie Sprinkle have since resided with the said H. K. Wheeler.
2. After the last will and testament of Johnny R. Sprinkle, deceased, had been probated and recorded in the office of the clerk of the Superior Court of Buncombe County, Guy Weaver, a resident of Buncombe County, was duly appointed by the clerk of the Superior Court of said county as administrator c. t. a. of Johnny R. Sprinkle, deceased. The said Guy Weaver filed his bond as required by statute, and entered upon the administration of the estate of Johnny R. Sprinkle, deceased. On or about 10 June, 1926, the said Guy Weaver filed his final account as administrator c. t. a. of Johnny R. Sprinkle. It appeared from said account that the said Guy Weaver, administrator c. t. a., had paid to H. E. Walter, as guardian of Flossie Sprinkle, a minor, the sum of $174.77, the amount due her as a child and legatee of her father, Johnny R. Sprinkle, deceased. The said final account was approved by J. B. Cain as clerk of the Superior Court of Buncombe County, and was duly recorded in his office. The said J. B. Cain, as clerk of the Superior Court of Buncombe County, signed an order by which the said Guy Weaver, and the sureties on his bond as administrator c. t. a. of Johnny R. Sprinkle were discharged from further liability on said bond. *Page 769 
3. H. E. Walter, who held himself out to Guy Weaver, administrator c. t.a. of Johnny R. Sprinkle as guardian of Flossie Sprinkle, a minor, and acted as such guardian, has never been appointed as guardian of Flossie Sprinkle. He has never applied for such appointment, has never filed a bond as required by statute, and has never qualified as guardian of Flossie Sprinkle. No letters of guardianship have ever been issued to him by the clerk of the Superior Court of Buncombe County. He is not related by blood or marriage to Flossie Sprinkle, and had no knowledge of her interest in the estate of Johnny R. Sprinkle, deceased, except such as was required by him while auditing the accounts of Guy Weaver, administrator c. t. a. of Johnny R. Sprinkle, deceased.
4. At his death Johnny R. Sprinkle was seized in fee and in possession of an undivided one-half interest in certain lands situate in Buncombe County, the remaining undivided one-half interest in said lands being owned by his son-in-law, N. L. Crisp. By virtue of his last will and testament, Flossie Sprinkle, his minor child, became and was the owner of an undivided one-tenth interest in said lands, as a tenant in common with the owners of the remaining interests in said lands.
5. On or about 12 January, 1926, a petition addressed to J. B. Cain, clerk of the Superior Court of Buncombe County, and signed by H. E. Walter as guardian of Flossie Sprinkle, a minor, was filed in the office of the clerk of the Superior Court of Buncombe County. It was alleged in said petition that Flossie Sprinkle, a minor, was the owner in fee of an undivided one-tenth interest in the lands described in said petition, and situate in Buncombe County; that N. L. Crisp, the owner of the remaining interest in said lands, had offered to the petitioner the sum of $1,030 for the undivided one-tenth interest of Flossie Sprinkle, his ward; that said sum is a full, fair, and adequate price for said undivided interest; and that it would be to the best interest of the said Flossie Sprinkle to sell her interest in said lands for said sum. The petition was verified by H. E. Walter as guardian of Flossie Sprinkle, a minor.
Upon hearing said petition, and affidavits filed therewith, J. B. Cain, clerk of the Superior Court of Buncombe County, found that the facts as alleged in said petition were true, and thereupon signed an order authorizing and empowering H. E. Walter, as guardian of Flossie Sprinkle, a minor, to execute and deliver to N. L. Crisp a deed conveying to him in fee the undivided one-tenth interest of Flossie Sprinkle in the lands described in the petition, upon the payment to him, the said H. E. Walter, as guardian of Flossie Sprinkle, a minor, of the sum of $1,030 in cash. This order is dated 13 January, 1926, and was approved on the same day by the judge of the Superior Court presiding in the Superior Court of Buncombe County. Thereafter, on the same day, H. E. Walter, as guardian of Flossie Sprinkle, a minor, reported to *Page 770 
J. B. Cain, clerk of the Superior Court of Buncombe County, that pursuant to his order he had executed and delivered the deed to N. L. Crisp, and had collected from him the sum of $1,030. This report was accepted by the said J. B. Cain and approved by his order dated 13 January, 1926. This order of the clerk was approved in writing by the judge on the same day.
At the date of the filing of said petition, the petitioner, H. E. Walter, was not the guardian of Flossie Sprinkle. He had never been appointed by any court of competent jurisdiction as her guardian. He has never filed a bond as guardian of Flossie Sprinkle, or otherwise qualified to act as her guardian.
6. After the death of her father, Flossie Sprinkle became and was the owner in fee of an undivided one-half interest in certain lands situate in Madison County, the remaining one-half interest being owned by her mother, Mrs. Dissie Pearl Wheeler, and her step-father, H. K. Wheeler, with whom she resided in Madison County after the death of her father.
7. On or about 28 November, 1927, a petition addressed to the clerk of the Superior Court of Madison County and signed by Weaver Patla, attorneys for H. E. Walter, guardian of Flossie Sprinkle, a minor, was filed in the office of the clerk of the Superior Court of Madison County. This petition was verified by H. E. Walter, as guardian of Flossie Sprinkle, a minor. It was alleged in the petition that Flossie Sprinkle, a minor, of the age of eight years, was the owner in fee of an undivided one-half interest in certain lands situate in Madison County, and described in the petition; that the petitioner, H. E. Walter, was the guardian of the said Flossie Sprinkle, a minor, having been duly appointed as her guardian by the Superior Court of Buncombe County; that the said Flossie Sprinkle then resided with and was in the custody of her mother, Mrs. Dissie Pearl Wheeler and her step-father, H. K. Wheeler; that the said H. K. Wheeler had offered the petitioner the sum of $1,500 for her undivided one-half interest in the lands described in the petition; that said sum is a full, fair, and adequate price for the interest of Flossie Sprinkle in said lands; and that it would be to her best interest to sell her interest in said lands to the said H. K. Wheeler for said sum, on the terms set out in the petition.
Upon hearing said petition, and affidavits filed therewith, J. Hubert Davis, clerk of the Superior Court of Madison County, found the facts to be as alleged in the petition, and thereupon signed the order authorizing and empowering H. E. Walter, as guardian of Flossie Sprinkle, a minor, to execute and deliver to H. K. Wheeler a deed conveying to him the undivided one-half interest of Flossie Sprinkle in the lands described in the petition, upon the payment to him by the said H. K. Wheeler of the sum of $1,500. This order is dated 12 December, 1927, *Page 771 
and was approved by the judge of the Superior Court presiding in the courts of Madison County on 22 December, 1927. Thereafter, on 22 December, 1927, H. E. Walter, as guardian of Flossie Sprinkle, a minor, reported to the clerk of the Superior Court of Madison County, in writing, that pursuant to his order he had executed and delivered to H. K. Wheeler a deed conveying to him the undivided one-half interest of Flossie Sprinkle in the lands described in the petition, and had collected from the said H. K. Wheeler the purchase price for said lands. The report was approved by the clerk of the Superior Court of Madison County, by the order dated 22 December, 1927. This order was approved by the judge of the Superior Court presiding in the Superior Court of Madison County.
At the date of the filing of said petition, the petitioner, H. E. Walter, was not the guardian of Flossie Sprinkle. He had never been appointed by or qualified before the clerk of the Superior Court of either Buncombe or Madison County as such guardian.
8. After the death of Johnny R. Sprinkle, his children, Charlie Sprinkle and Flossie Sprinkle, both minors, became and were the owners in fee of undivided interests in certain lands situate in Madison County and described in the petition, the said Charlie Sprinkle being the owner of an undivided two-fifths, and the said Flossie Sprinkle being the owner of an undivided one-fifth interest in said lands.
9. On or about 6 April, 1927, a petition addressed to the clerk of the Superior Court of Madison County and signed by Weaver Patla, as attorneys for H. E. Walter, guardian of Charlie Sprinkle and Flossie Sprinkle, was filed in the office of the clerk of the Superior Court of Madison County. The petition was verified by H. E. Walter as guardian of Charlie Sprinkle and Flossie Sprinkle, minors. It was alleged in the petition that both Charlie Sprinkle and Flossie Sprinkle were minors and that the petitioner, H. E. Walter, was their duly appointed and duly qualified guardian; that the said Charlie Sprinkle owned an undivided two-fifths and that Flossie Sprinkle owned an undivided one-fifth interest in certain lands situate in Madison County, and described in the petition; that C. V. Reece and W. G. McDarris had offered the petitioner the sum of $800.00 for the undivided interests in said lands owned by the wards of the petitioner; that said sum is a full, fair, and adequate price for said interests; and that it would be to the best interest of said minors to sell their interests in said land at said price.
Upon hearing said petition and affidavits filed therewith, the clerk of the Superior Court of Madison County found the facts to be as alleged in the petition, and signed an order authorizing and empowering H. E. Walter, as guardian of said minors, to execute and deliver to C. V. Reece and W. G. McDarris a deed conveying to them in fee the undivided *Page 772 
interests of Charlie Sprinkle and Flossie Sprinkle in the lands described in the petition, upon the payment to him by the said C. V. Reece and W. G. McDarris of the said sum of $800.00. This order was dated 9 April, 1927, and was approved by the judge of the Superior Court presiding in the Superior Court of Madison County. Thereafter, on 14 April, 1927, H. E. Walter, as guardian of Charlie Sprinkle and Flossie Sprinkle, minors, reported to the clerk of the Superior Court of Madison County that pursuant to his order he had executed and delivered to C. V. Reece and W. G. McDarris a deed conveying to them in fee the interests of his wards in the lands described in the petition, and had collected from them the purchase price for said land, to wit: The sum of $800.00. This report was approved by the said clerk by an order dated 14 April, 1927. This order was approved by the judge of the Superior Court presiding in the Superior Court of Madison County.
At the date of the filing of said petition, the petitioner, H. E. Walter, was not the guardian of Flossie Sprinkle. He has never been appointed by or qualified before any court of competent jurisdiction as her guardian.
10. H. E. Walter has never accounted to the clerk of the Superior Court of either Buncombe or Madison County, or to any other person, for the money which he received as guardian of Flossie Sprinkle, a minor. He has never filed a bond conditioned for such accounting. Upon his indictment at the October Term, 1933, of the Superior Court of Buncombe County for the embezzlement of said money, he entered a plea of guilty, and has served a sentence in the State's Prison under a judgment on said plea. He has expended on behalf of Flossie Sprinkle out of the money which he received as her guardian under orders of the clerk of the Superior Court of Buncombe County the sum of $121.95.
On the foregoing facts the receiver reported the following as his
CONCLUSIONS OF LAW.
1. That J. B. Cain, deceased, clerk of the Superior Court of Buncombe County, was negligent in permitting Guy Weaver, administrator c. t. a. of Johnny R. Sprinkle, deceased, to pay to H. E. Walter, as guardian of Flossie Sprinkle, a minor, the sum of $174.77, without first having ascertained that, as her duly appointed guardian, the said H. E. Walter had filed the bond required by statute.
2. That neither the clerk of the Superior Court of Buncombe County nor the clerk of the Superior Court of Madison County had jurisdiction of the proceedings instituted by petitions filed with said clerks, respectively, for the sale of the undivided interests of Flossie Sprinkle, a minor, in the lands described in said petitions, for the reason that the *Page 773 
petitioner, H. E. Walter, was not the duly appointed and duly qualified guardian of the said Flossie Sprinkle.
3. That Flossie Sprinkle, a minor, was not represented in either of said proceedings by a duly appointed and duly qualified guardian, and that for that reason all the orders made in said proceedings were and are void.
4. That the grantees in the deeds executed by H. E. Walter, as guardian of Flossie Sprinkle, a minor, knew or were charged with knowledge that the orders on said proceedings were void, and are therefore not innocent purchasers without notice.
5. That the defendant Edith C. Cain, executrix of J. B. Cain, deceased, and the defendant Fidelity Casualty Company, surety on his bond as clerk of the Superior Court of Buncombe County, which was in force and effect on 10 June, 1926, are indebted to the claimant, Flossie Sprinkle, in the sum of $174.77, less the sum of $121.95.
6. That neither Edith C. Cain, executrix of J. B. Cain, deceased, nor any of her codefendants, who are sureties on the successive bonds of J. B. Cain as clerk of the Superior Court of Buncombe County, are indebted to the claimant, Flossie Sprinkle, on account of money received by H. E. Walter as her guardian from sales of her land, for the reason that the deeds under which the grantees claim said lands do not convey her interests in said land, and she has therefore sustained no damage by reason of the orders made in said proceedings.
The report of the receiver, with claimant's exceptions to his findings of fact and to his conclusions of law, was heard by the judge presiding at the April Term, 1936, of the Superior Court of Buncombe County. The exceptions were not sustained. The findings of fact and conclusions of law were approved and confirmed.
From judgment that the plaintiff Flossie Sprinkle, appearing by her next friend, E. L. Wheeler, recover of the defendant Edith C. Cain, executrix of J. B. Cain, deceased, and the defendant Fidelity Casualty Company, the sum of $174.77, with interest from 10 June, 1926, less the sum of $121.95, with interest from 14 May, 1928, to wit: The sum of $101.62, the plaintiff appealed to the Supreme Court, assigning as errors the rulings of the court on her exceptions to the report of the receiver and the judgment.
Appellant's exceptions to findings of fact made by the receiver at the hearing of her claim were properly overruled by the judge.
All the findings of fact set out in the report of the receiver were supported by evidence at the hearing before him, and, upon their approval by the trial judge, are conclusive in this Court.
In Kenney v. Hotel Co., 194 N.C. 44, 138 S.E. 349, it is said: "It is settled by all the decisions on the subject, with none to the contrary, that the findings of fact made by a referee and approved by the trial judge, are not subject to review on appeal if they are supported by any competent evidence."
This principle is applicable in this appeal where the receiver was authorized and directed by the court to hear claims against the estate of J. B. Cain, deceased, and the sureties on his official bonds as clerk of the Superior Court of Buncombe County and to report his findings of fact and conclusions of law with respect to such claims to the court.
There was no evidence at the hearing by the receiver which tended to show that H. E. Walter was the duly appointed and duly qualified guardian of Flossie Sprinkle, minor, at the time he filed the petitions in the office of the clerk of the Superior Court of Buncombe County and in the office of the clerk of the Superior Court of Madison County for orders authorizing him to sell her interests in the lands described in the said petitions. Testimony offered at the hearing tending to show that certified copies of letters of guardianship issued to H. E. Walter, as guardian of Flossie Sprinkle, a minor, by J. B. Cain, clerk of the Superior Court of Buncombe County, were attached to the petitions filed in the office of the clerk of the Superior Court of Madison County, and had been subsequently detached from said petitions, was properly excluded by the receiver as evidence tending to show the appointment by J. B. Cain, clerk of the Superior Court of Buncombe County, of H. E. Walter, the petitioner, as guardian of Flossie Sprinkle. An appointment as guardian can be shown only by the records in the office of the clerk of the Superior Court by whom the appointment was made, or by letters of appointment issued by the clerk to the guardian as required by statute. C. S., 2157. An appointment of a guardian cannot be shown by parol evidence.
The ruling of the trial judge approving the conclusion of law made by the receiver that on the facts found by him the defendant Edith C. Cain, executrix of J. B. Cain, deceased, and the defendant Fidelity Casualty Company, as surety on the official bond of J. B. Cain as clerk of the Superior Court of Buncombe County, are indebted to the claimant in the sum of $101.62, is not assigned as error on this appeal. This *Page 775 
ruling was in accord with the contention of the appellant. The judgment in accordance with this ruling is affirmed, without consideration by this Court of the ruling.
The appellant assigns as error the rulings of the trial judge confirming the conclusions of law made by the receiver on the facts found by him, in accordance with which it was adjudged in effect that neither Edith C. Cain, executrix of J. C. Cain, deceased, nor any of her codefendants who are sureties on the official bonds of J. B. Cain as clerk of the Superior Court of Buncombe County, are indebted to the claimant on account of money received by H. E. Walter, as her guardian, from the sales of her lands made by him, for the reason that the deeds under which the grantees claim do not convey her interest in the lands described therein, and she has therefore sustained no damage by reason of the orders made by J. B. Cain as clerk of the Superior Court of Buncombe County on petitions filed by H. E. Walter. These assignments of error cannot be sustained.
A clerk of the Superior Court in this State has no jurisdiction with respect to infants or with respect to property, real or personal, of infants, except such as is conferred by statute. He has power to authorize the sale of property, real or personal, owned by an infant, only upon the application of his duly appointed and duly qualified guardian by petition duly verified by such guardian. C. S., 2180. An order made by a clerk of the Superior Court for the sale of the infant's property, real or personal, on the petition of one who is not his duly appointed and duly qualified guardian is void. All proceedings under color of such order are void, and no rights to the property of the infant can be acquired under such order. A purchaser of an infant's property at a sale made under an order which is void because the clerk who made the order had no jurisdiction of the proceeding in which the order was made, acquires no right, title, interest, or estate in said property, adverse to the infant. For this reason an infant whose property has been sold and conveyed to a purchaser under a void order has sustained no damages by reason of the sale and conveyance, and therefore cannot recover on the official bond of the clerk of the Superior Court who made the order under which the sale and conveyance was made.
The judgment in this action is
Affirmed. *Page 776