RACHEL ANN RIMMER WILSON, MINOR, AND REBECCA LOU RIMMER, MINOR, BY THEIR GUARDIAN, RAYMOND H. WILSON, PLAINTIFFS v. C. L. PEMBERTON, TRUSTEE; T. E. STEED; ELIZABETH RUDD RIMMER AND HER HUSBAND, HERBERT MARSHALL RIMMER, DEFENDANTS, AND WACHOVIA BANK & TRUST COMPANY, EXECUTOR OF THE ESTATE OF T. E. STEED, ADDITIONAL DEFENDANT.

(Filed 30 March, 1966.)

**1. Guardian and Ward § 4—**

Sale or mortgaging of an infant's property may be ordered only on application of his duly appointed guardian, and a guardian *ad litem* may not be authorized to do so.

**2. Same—**

In a proceeding to sell a minor's property the court should direct the disbursement of the funds and should find that sale or mortgage of the minor's real estate will materially promote the interest of the minor.

**3. Same—**

The mother of minor children owned a life estate and, subject to an intermediate life estate of a minor child, owned the remainder in the tract of land in question. Pursuant to a special proceeding instituted by the mother, a guardian *ad litem* for the minor children was appointed, and the mother conveyed her remainder to her minor children, and a deed of trust was executed by the guardian in behalf of the minors to pay off a lien and debts created for the benefit of the mother. *Held:* All proceedings pursuant to the order in the special proceeding are void and the deed of trust executed by the guardian *ad litem* on the minors' interest is a nullity.

**4. Same—**

Where a remainder is conveyed to minors, one of whom owns a life estate, for the purpose of obtaining their execution of a deed of trust to pay off a lien and debts created by the grantee, and the mortgage is void for failure to comply with G.S. 33-31, the deed to the minors will also be set aside and the parties put in *statu quo ante.*

MOORE, J., not sitting.

PARKER, C.J., and BOBBITT, J., concur in result.

APPEAL by plaintiffs from *Johnston, J.,* February Civil Session 1965, CASWELL Superior Court. Docketed and argued as Case No. 766 Fall Term 1965, docketed as Case No. 765 Spring Term 1966.

In 1960 Elizabeth Rudd Rimmer, then age 42, owned a life estate in a tract of land in Caswell County containing 314.98 acres on which she had a tobacco allotment of seven acres. She also owned the fee simple subject to the second life estate of a minor daughter, Rachel Rimmer Wilson. Mrs. Rimmer owed T. E. Steed $5700.00 which was secured by a deed of trust on her interest in the above lands and owed an additional $4,000.00 in debts and liens created by her, the minor daughter having received no benefits from the proceeds of said debts.

On August 18, 1960 Mrs. Rimmer, her husband and Aaron Wilson (husband of Rachel Rimmer Wilson) instituted special proceedings against Rachel Rimmer Wilson and Rebecca Lou Rimmer, another infant daughter of Mrs. Rimmer, in which the Petitioner sought the appointment of a guardian for the minor defendants with the proposal that Mrs. Rimmer would convey her remainder interest in the above lands, subject to her own life estate, to the two minors if the guardian would join in a deed of trust securing a debt of $9800.00 with which Mrs. Rimmer expected to pay the debts and liens referred to above.

The clerk found that to be "for the best interest of the minors (although not finding that their interests would be materially promoted as required in G.S. 33-31) and upon approval by the Judge, a deed of trust was executed by the parties for the benefit of T. E. Steed who, after paying himself approximately $5700.00 provided the additional $4,000.00 necessary to satisfy the other debts and liens owed by Mrs. Rimmer.

Upon default in the payment of the debts secured by the deed of trust, foreclosure proceedings were started. This action was then instituted by the guardian to prevent foreclosure, alleging, *inter alia,* that a sale of the minors' interest in the property would be illegal and unlawful in that there had been no compliance with G.S. 33-31 and that the execution of the deed of trust by their guardian *ad litem* was not in their best interests and did not materially promote them. The defendants filed answers admitting many of the facts alleged but denied that the transaction was unlawful. The plaintiffs moved for judgment on the pleadings and prayed that the deed of trust be declared null and void and a cloud on the interest of the minors; praying further that the trustee be restrained from selling any right, title or interest of the minors in the lands described in the deed of trust.

The motion was heard by Honorable Walter E. Johnston, Jr.,

Judge Presiding on March 4, 1965 who denied the motion and "denied an injunction to prevent the foreclosure of said deed of trust," and dismissed the action and taxed the plaintiffs with the cost. Plaintiffs appeal, assigning error.

*D. Emerson Scarborough, Attorney for the appellants.*

*John H. Vernon, Thomas C. Carter, Attorneys for the appellees, C. L. Pemberton, Trustee, and Wachovia Bank & Trust Company, Executor of the Estate of T. E. Steed.*

PLESS, J. G.S. 33-31 provides that the sale or mortgage of a minor's real estate shall be allowed upon compliance with its terms. which was not done in this instance. The petition was not filed by a guardian (who is under bond and has a continuing and quasi-permanent responsibility for his ward's interest) but by a guardian *ad litem.* "A clerk of the Superior Court in this State has no jurisdiction with respect to infants or with respect to property, real or personal, of infants, except such as is conferred by statute. He has power to authorize the sale of property, real or personal, owned by an infant, only upon the application of his duly appointed and duly qualified guardian by petition duly verified by such guardian. An order made by a clerk of the Superior Court for the sale of the infant's property, real or personal, on the petition of one who is not his duly appointed and duly qualified guardian is void. All proceedings under color of such order are void, and no rights to the property of the infant can be acquired under such order. A purchaser of an infant's property at a sale made under an order which is void because the clerk who made the order had no jurisdiction of the proceeding in which the order was made, acquired no right, title, interest, or estate in said property, adverse to the infant." *Buncombe County v. Cain,* 210 N.C. 766, 188 S.E. 399. Further, the judge did not specify how the proceeds of the loan should be applied, which is a requirement of the statute. While the order of the Clerk holds the proposed conveyance to be for the best interest of the minors, the defendants in their pleadings admitted that the interest of the minor, Rachel Rudd Wilson, was made security for the debts of her mother which had been incurred without advantage to the minor and also that a major portion of the proceeds of the new debt was used to pay off an old debt to the lender. This does not "materially promote" the interest of the minor. For the above reasons we hold that the conveyance by the guardian *ad litem* of her interest to her mother and the later execution of the deed of trust upon the interest of the minors by the guardian *ad litem* was

void and that foreclosure of the deed of trust will not convey any interest of the minors in the property concerned.

In view of the fact that Elizabeth Rudd Rimmer executed the deed to the minor plaintiffs herein for the purpose of obtaining the execution of the deed of trust involved; and since the deed of trust has been adjudged null and void, in fairness to all parties concerned, particularly the creditors of Elizabeth Rudd Rimmer, we hold that the deed to the minor plaintiffs is likewise void. This puts the plaintiff and her creditors in substantially the same status they were before the execution of these instruments.

Reversed.

MOORE, J., not sitting.

PARKER, C.J., and BOBBITT, J., concur in result.