IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-560

 No. COA21-230

 Filed 19 October 2021

 Mecklenburg County, No. 19 CVS 19930

 MARY LEARY, by and through her Power of Attorney William Leary; WILLIAM
 LEARY, and ROBERT McCLINTON, Plaintiffs,

 v.

 RITA ANDERSON and GOKAM PROPERTIES LLC, Defendants.

 Appeal by plaintiffs from order entered 7 October 2020 by Judge Carla N.

 Archie in Mecklenburg County Superior Court. Heard in the Court of Appeals 7

 September 2021.

 Justice in Action Law Center, by Alesha S. Brown, for plaintiffs-appellants.

 Offit Kurman, P.A., by Robert B. McNeill and Alexandra M. Edge, for
 defendant-appellee Gokam Properties LLC.

 TYSON, Judge.

¶1 Mary Leary, by and through her attorney-in-fact William Leary, with William

 Leary and Robert McClinton, individually (together, “Plaintiffs”), appeal from a

 superior court’s order granting summary judgment in favor of Gokam Properties,

 LLC” (“Gokam Properties”) regarding its acquisition of property from Rita Anderson

 (“Anderson”) under a power of attorney, (together, “Defendants”). The superior court

 granted summary judgment and dismissed all claims against Gokam Properties and
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

 dismissed Plaintiffs’ lis pendens. Plaintiffs timely appealed.

 I. Background

 A. The Home

¶2 Mary Leary (Mrs. Leary) and Will Leary purchased property located at 1418

 Russell Avenue, Charlotte, North Carolina (“the home”) as tenants by the entirety in

 June 1963. Will Leary died in 2001, and Mrs. Leary acquired full title to the home

 by right to survivorship. Mrs. Leary continued to occupy the home as the sole owner

 until January 2017. Gokam Properties acquired the home on 20 September 2019

 from Anderson under acting as Mrs. Leary’s limited power of attorney to sell real

 estate.

 B. Rita Anderson’s Purported Durable Power of Attorney

¶3 Mrs. Leary was 87 years old in January 2017 when this case arose. Rita

 Anderson moved her mother, Mrs. Leary, into her own home in January 2017. Mrs.

 Leary purportedly executed a durable power of attorney (“DPA”) before a notary on

 11 January 2017 for Anderson. The purported DPA appointed Anderson as Mrs.

 Leary’s agent and empowered Anderson to act on behalf of her mother.

¶4 The purported DPA was not filed with the Mecklenburg County Register of

 Deeds until 21 October 2019, roughly one month after Mrs. Leary’s home was

 conveyed to Gokam Properties on 20 September 2019 and 11 days after this lawsuit

 was filed.
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

 C. Mary Leary’s Capacity

¶5 On 12 January 2017, Anderson accompanied Mrs. Leary, who presented for a

 doctor’s visit with Michelle L. Foster, M.D. The medical records specifically state,

 “her [Mrs. Leary’s] daughter [Anderson] is seeking power of attorney and

 guardianship asthma (sic) some areas no longer able to make informed decisions,”

 and “[t]oday I did advise her daughter that she cannot stand alone and I do suggest

 that she obtain power of attorney to handle all of her affairs.” Dr. Foster further

 wrote “I am asking that her daughter (Rita Leary Anderson) assume power of

 attorney for Ms. Leary.”

¶6 Dr. Foster stated the following concerning Mrs. Leary’s condition: (1) “past

 medical history significant for coronary artery disease, hypertension, hyperlipidemia,

 increase in memory loss and some mild dementia as well as worsening weakness and

 weight loss;” (2) “[s]he also has had worsening vision and increasing memory loss and

 worsening dementia;” (3) “[s]he still has limited judgment and insight secondary to

 her mild dementia;” (4) “Dementia: Appears to be worsening;” and (5) “Mary Leary is

 under my care for multiple medical problems including dementia, anemia,

 hypertension and increasing cognitive difficulty secondary to dementia.”

¶7 William Leary recorded a general power of attorney (“POA”) from Mrs. Leary

 giving him authority to conduct real property transactions, estate transactions and

 other responsibilities less than five months later on 7 May 2017. William Leary avers
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

 in his sworn affidavit he was granted a DPA at that time.

 D. Incompetency Hearing

¶8 A hearing was held in a special proceeding, In the Matter of Mary Alice Wilson

 Leary before the clerk of superior court in file number 18-SP-1559, to determine Mrs.

 Leary’s competency and her ability to function on her own on 8 June 2018. Mrs. Leary

 was 89 years old by the time of the hearing.

¶9 During the 8 June 2018 hearing, the guardian ad litem (“GAL”), Attorney

 Fatina Lorick, issued a report, which noted:

 I spoke with Respondent about her home, and the fact that
 her sons lived in the home. Respondent expressed a desire
 to allow them to remain in her home. She also emphasized
 th[at] she took pride in her home, and that she and her late
 husband worked hard to obtain and maintain her home.
 ....

 Based upon my investigations, I believe that it is in (sic)
 [Mrs. Leary] has some competency but requires assistance.
 I have concerns regarding the validity of [Anderson’s]
 Power of Attorney and whether or (sic) [Mrs. Leary] had an
 adequate level of competency when she executed the
 document.

¶ 10 At the June 2018 hearing, the court found Mrs. Leary was “incompetent to a

 limited extent” and could “understand[] conversation and communicate[] personal

 needs,” “make and communicate decisions about residential options,” “demonstrates

 willingness to vote and can acquire information accordingly,” as well as had capacity

 to determine her social and religious involvement. The court ordered Mrs. Leary had
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

 “final say for her living arrangements.” Mrs. Leary as declared incompetent to make

 legal decisions or to execute legal documents at that hearing, and “if M. Anderson

 [was]unable to be bonded and qualify within 90 days of this order, atty (sic) to be

 appointed GOE [Guardian of the Estate].” Anderson failed to qualify as Mrs. Leary’s

 guardian.

 E. Selling the Home

¶ 11 Over a year later, Anderson signed Mrs. Leary’s name on a Limited Power of

 Attorney to Sell Real Estate on 6 September 2019. Based upon this purported

 Limited Power of Attorney to Sell Real Estate Mrs. Leary’s home was sold and deeded

 to Gokam Properties on 20 September 2019.

¶ 12 Anderson knew Plaintiffs were residing in their mother’s home, but Anderson

 did not tell Plaintiffs of the sale until 23 September 2019. Anderson purportedly told

 an agent of Gokam Properties not to notify Plaintiffs of the sale until after it was

 completed. A representative of Gokam Properties met William Leary and Robert

 McClinton at the home and offered each of them $300.00 if they would move out in

 two days.

¶ 13 Anderson did not place the proceeds of sale into an account for the benefit of

 Mrs. Leary. Instead, she contacted her brother, Robert McClinton to divide the

 proceeds between them, offering him $20,000.00 and she would keep the remaining

 $75,000.00 in proceeds.
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

 F. Trial Court Proceedings

¶ 14 Plaintiffs filed this instant lawsuit on 10 October 2019 to challenge the

 conveyance of the home. Defendants subsequently answered. On 9 December 2019,

 a hearing was held in 18-SP-1559 to modify Mrs. Leary’s guardianship. In the GAL

 Report issued again by Attorney Fatina Lorick, it is reported Mrs. Leary did not want

 to sell her home and wanted to know if Attorney Lorick could help her get her home

 back.

¶ 15 Attorney Lorick noted:

 I was able to speak with [Mrs. Leary] who is now at
 Mecklenburg County Rehabilitation Center (“Center”).
 [Mrs. Leary] informed me that she was there at the Center
 because she has no other place to go due to her home being
 sold by [Anderson]. She also asked me if there were any
 way for me to try to get her house back. She let me know
 that she recently moved into the Center and that none of
 her family was aware that she was at the center.
 ....

 Given [Anderson’s] unwillingness to meet with me and
 provide information to me, I have concerns regarding her
 ability and fitness to remain guardian. It was only after I
 threated to to (sic) use law enforcement that she disclosed
 to me [Mrs. Leary’s] location. In my communication with
 other family members, [Anderson] did not inform the rest
 of the family she [had] placed [Mrs. Leary] in the Center.
 Pursuant to the Order of the Court, [Anderson] is not
 qualified to assume general guardianship.

¶ 16 In an order dated 9 December 2019 in In the Matter of Mary Alice Wilson Leary,

 18-SP-1559, the court found “Ms. Anderson failed to qualify as General
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

 Guardian/Guardian of Person (GOP) & failed to stop the sale of [Mrs. Leary’s]

 property. Court shall appoint Guardian of Estate.”

¶ 17 Anderson filed her purported 11 January 2017 DPA with the Mecklenburg

 County Register of Deeds on 21 October 2019. Gokam Properties contend summary

 judgment is proper because it purchased Mrs. Leary’s home through the holder of a

 DPA. The trial court entered summary judgment for Gokam Properties. Plaintiffs

 appeal.

 II. Jurisdiction

¶ 18 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(2) (2019).

 III. Issues

¶ 19 Two issues are presented on appeal: (1) whether the trial court erroneously

 granted Gokam Properties’ motion for summary judgment; and, (2) whether the trial

 court erroneously cancelled the filed lis pendens.

 IV. Standard of Review

¶ 20 This Court reviews a summary judgment order de novo. Wallen v. Riverside

 Sports Ctr., 173 N.C. App. 408, 410, 618 S.E.2d 858, 860 (2005). Summary judgment

 is proper only when the “pleadings, together with depositions, interrogatories,

 admissions on file, and supporting affidavits show that no genuine issue of material

 fact exists between the parties with respect to the controversy being litigated and the

 moving party is entitled to judgment as a matter of law.” Id. (citation omitted).
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

¶ 21 The movant bears the burden of establishing “there is no triable issue of

 material fact [by] proving that an essential element of the opposing party’s claim is

 non-existent, or by showing through discovery that the opposing party cannot produce

 evidence to support an essential element of his claim[.]” Davis v. Cumberland Cnty.

 Bd. of Educ., 217 N.C. App. 582, 585, 720 S.E.2d 418, 420 (2011) (citations omitted).

¶ 22 “[A]ll inferences of fact must be drawn against the movant and in favor of the

 nonmovant.” DeWitt v. Eveready Battery Co., 355 N.C. 672, 682, 565 S.E.2d 140, 146

 (2002) (citation omitted).

 V. Argument

¶ 23 Plaintiffs argue summary judgment is improper because several genuine

 issues of material fact exist: (1) whether William Leary has standing; (2) whether an

 incompetent person’s property was sold by a purported guardian without court

 approval; (3) whether Anderson, acting as a guardian, followed the required special

 proceedings to sell the home and whether she wrongfully retained the proceeds; and,

 (4) whether Anderson’s DPA or Limited POA were sufficient to sell the home.

 A. William Leary’s Standing

¶ 24 Gokam Properties argues there is no genuine dispute of material fact of the

 termination of William Leary’s May 2017 POA upon Mrs. Leary’s adjudication of

 incapacity. The record shows Mrs. Leary appointed William Leary as her attorney-

 in-fact on 7 May 2017. William Leary’s affidavit asserts, “I was granted Durable
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

 Power of Attorney on May 7, 2017, which was prior to my mother being declared

 incompetent in June 2018.” Gokam Properties argues the William Leary POA, even

 if valid, was terminated when Mrs. Leary became incompetent because such power

 of attorney was not “durable.”

¶ 25 A POA/DPA created prior to 1 January 2018 is governed by N.C. Gen. Stat. §

 32A-2 (2017). See N.C. Gen. Stat. § 32C-1-106(b) (2019). Pursuant to the now-

 repealed N.C. Gen. Stat. § 32A-8, a POA is “durable” if it was made in writing and

 either contained: (1) “a statement that it was executed pursuant to the provisions” of

 Chapter 32A; (2) the words “[t]his power of attorney shall not be affected by my

 subsequent incapacity or mental incompetence;” (3) the words “[t]his power of

 attorney shall become effective after I become incapacitated or mentally

 incompetent;” or, (4) similar words showing the intent of the principal that the

 authority conferred shall be exercisable notwithstanding the principal’s subsequent

 incapacity or mental incompetence.

¶ 26 Gokam Properties argue William Leary’s POA is merely a statutory short form

 of a general POA pursuant to N.C. Gen. Stat. 32A-1. Gokam Properties assert as a

 non-durable POA, William Leary’s POA was terminated upon the court’s adjudication

 of Mrs. Leary as incompetent on 8 June 2018. See N.C. Gen. Stat. § 32C-1-110 (2019)

 (power of attorney terminates if the power of attorney is not durable and the principal

 becomes incapacitated).
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

¶ 27 Plaintiffs argue they have standing to bring this lawsuit pursuant to our

 Supreme Court precedent in In re Lancaster, 290 N.C. 410, 226 S.E.2d 371 (1976). In

 In re Lancaster, Ms. Lancaster was declared incompetent and, as in this case, her

 attorney and her heir were presumed to have acted for their own financial interest

 and gain, and not in the best interest of the ward. Id. at 415, 226 S.E.2d at 375. The

 attorney filed an application on the ward’s behalf to have a guardian appointed and

 to stop the sale of the ward’s land. Id. at 416, 226 S.E.2d at 376. This Court affirmed

 the trial court’s determination the attorney and the heir did not have standing to

 bring the action on behalf of the incompetent woman. Id. at 420, 226 S.E.2d at 378.

 In response, the Supreme Court of North Carolina remanded and held:

 Ordinarily the one who acts on behalf of an
 incompetent is his guardian, trustee, or guardian ad litem
 and the incompetent, being under a disability, is not
 accorded “standing.” But where the complaint is that the
 guardian himself is acting either wickedly, incompetently
 or in ignorance of the facts, the concept of “standing” must
 necessarily give way to the primary duty of the court itself
 as the ultimate guardian to protect the incompetent’s
 interest. In the performance of this duty the court must
 receive, and should welcome, any pertinent information or
 assistance from any source. . . . “While . . . [an incompetent]
 must be represented, in all judicial proceedings, by the
 guardian, it is entirely proper, either in his own person or
 through any friend, for him to call attention to any matter
 then pending and under the control of the court, to the end
 that it may be investigated and his rights protected.”

 Id. at 424–25, 226 S.E.2d at 380 (emphasis original) (citations omitted).
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

¶ 28 Here, it is not disputed that on 7 May 2017, before Mrs. Leary was adjudicated

 incompetent, she signed a general POA before a notary appointing William Leary as

 her attorney-in-fact and giving him broad authority over her finances and real

 property. This POA was properly recorded prior to any other POA executed by Mrs.

 Leary. It is disputed if a guardian or holder of a DPA acted on actual authority and

 on behalf of Mrs. Leary’s best interest and for her benefit when her home was sold.

 It is also disputed if Anderson acted under valid authority or for her own personal

 interest. In In re Lancaster, the ward’s attorney was given standing to bring the

 lawsuit and the court “must receive, and should welcome, any pertinent information

 or assistance from any source.” Id. at 425, 226 S.E.2d at 380.

¶ 29 A genuine issue of material fact exists to determine whether Plaintiffs have

 standing. Although Anderson may initially have served as Mrs. Leary’s de facto

 guardian, she failed to qualify to serve as guardian, leaving Mrs. Leary with no legal

 guardian. Even if we were to presume Anderson was serving as guardian, viewing

 the evidence in the light most favorable to Plaintiffs, an issue of fact exists whether

 Anderson was “acting either wickedly, incompetently or in ignorance of the facts” in

 the sale of the home with knowledge of Mrs. Leary’s status and pending special

 proceeding to deny summary judgment in favor of Gokam Properties. Id. at 424, 226

 S.E.2d at 380.

 B. Court Appointed Guardian
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

¶ 30 Plaintiffs also argue summary judgment is improper because Mrs. Leary’s DPA

 and guardianship is disputed, and the home could only be sold by her court appointed

 guardian. Our Supreme Court has held the sale of property by “one who is not [a

 person deemed incompetent’s] duly appointed and duly qualified guardian is void.”

 Buncombe County v. Cain, 210 N.C. 766, 775, 188 S.E. 399, 404 (1936). The Court

 further held the purchaser of the incompetent person’s property “has sustained no

 damages by reason of the sale and conveyance, and therefore cannot recover on the

 official bond of the clerk of the Superior Court[.]” Id.

¶ 31 It is undisputed Mrs. Leary was declared incompetent on 8 June 2018 to make

 legal decisions or to execute legal documents. The trial court held Mrs. Leary was

 declared “incompetent to a limited extent” and ordered she could not “communicate

 wishes regarding legal documents or services on her own.”

¶ 32 The record is unclear whether Anderson was Mrs. Leary’s “duly appointed and

 duly qualified guardian” at the time of the 8 June 2018 hearing. In the 8 June 2018

 Order, the trial court directed “if M. Anderson [was] unable to be bonded and qualify

 within 90 days of this order, Atty to be appointed G.O.E. [Guardian of Estate].” In

 the subsequent order dated 9 December 2019 in the same matter, the court found

 “Ms. Anderson failed to qualify as General Guardian/Guardian of Person (GOP) &

 failed to stop the sale of [Mrs. Leary’s] property. Court shall appoint Guardian of

 Estate (GOE).”
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

¶ 33 If Anderson did not possess legal authority to sell Mrs. Leary’s home, the sale

 is void. Buncombe County, 210 N.C. at 775, 188 S.E. at 404. If the sale of Mrs. Leary’s

 home is void, Plaintiff’s claims against Gokam Properties should not have been

 adjudicated on summary judgment. At minimum, the award of guardianship and

 timing and recording of relevant forms is in dispute. Summary judgment for Gokam

 Properties was improper.

 C. Special Proceeding

¶ 34 Plaintiffs also argue the sale of Mrs. Leary’s home is invalid and void as a

 matter of law because a special proceeding hearing was not held to approve the sale.

 (b) A guardian may apply to the clerk, by verified petition
 setting forth the facts, to sell, mortgage, exchange, or lease
 for a term of more than three years, any part of his ward’s
 real estate, and such proceeding shall be conducted as in
 other cases of special proceedings. The clerk, in his
 discretion, may direct that the next of kin or presumptive
 heirs of the ward be made parties to such proceeding. The
 clerk may order a sale, mortgage, exchange, or lease to be
 made by the guardian in such way and on such terms as
 may be most advantageous to the interest of the ward,
 upon finding by satisfactory proof [of one to five elements]

 ....

 (d) All petitions filed under this section wherein an order is
 sought for the sale, mortgage, exchange, or lease of the
 ward’s real estate shall be filed in the county in which all
 or any part of the real estate is situated.

 N.C. Gen. Stat. § 35A-1301(b), (d) (2019).
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

¶ 35 A “ward’s estate is very carefully regulated, and the sale [of real property] is

 not allowed except by order of court[.]” Pike v. Wachovia Bank & Trust Co., 274 N.C.

 1, 11, 161 S.E.2d 453, 462 (1968). Our Supreme Court has long held that “a contract

 by a guardian to sell the ward’s real estate, in advance of legal authority, is contrary

 to public policy and void.” LeRoy v. Jacobosky, 136 N.C. 443, 456, 48 S.E. 796, 800

 (1904) (citations omitted).

¶ 36 Mrs. Leary was adjudicated incompetent in June 2018. Anderson sold Mrs.

 Leary’s home without an order of the court authorizing the sale on 20 September

 2019. A genuine dispute exists regarding Anderson’s authority to sell Mrs. Leary’s

 home. Summary judgment for Gokam Properties was improper.

 D. Anderson’s Purported DPA

¶ 37 Plaintiffs argue the trial court erred in finding the January 2017 purported

 DPA to Anderson is valid. During the hearing on summary judgment, the court

 questioned whether a pre-existing POA survives an incompetency proceeding and

 allowed the parties to submit supplemental briefing on that narrow issue.

¶ 38 Plaintiffs further argue even if the issue is relevant, summary judgment was

 not proper because: (1) an agent established by a DPA is still required to obtain court

 approval prior to selling the home of an individual declared incompetent by a court

 pursuant to N.C. Gen. Stat. § 35A-1301(b); (2) there is an issue of fact regarding

 whether a valid DPA existed prior to Mrs. Leary’s declaration of incompetence; and,
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

 (3) if the 11 January 2017 DPA existed, there is an issue of fact regarding Mrs. Leary’s

 capacity to grant a DPA in 2017.

 1. Valid POA/DPA

¶ 39 Our General Statutes provide: “If, after a principal executes a power of

 attorney, the clerk of superior court appoints a guardian . . . the agent is accountable

 to the guardian or the fiduciary as well as to the principal. N.C. Gen. Stat. § 32C-l-

 108(b) (2019).

¶ 40 In June 2018, the court declared Mrs. Leary partially incompetent concerning

 legal documents and decisions. The court ordered a general guardian be appointed

 and gave Anderson the opportunity to qualify and serve as Mrs. Leary’s guardian if

 she qualified within 90 days. Anderson filed the purported DPA with the register of

 deeds more than a year later on 21 October 2019. On 9 December 2019, the court

 found and concluded “Ms. Anderson failed to qualify as General Guardian/Guardian

 of Person (GOP) & failed to stop the sale of Ward’s property.”

¶ 41 Plaintiffs argue Anderson failed to qualify as Mrs. Leary’s guardian, and any

 alleged pre-existing DPA could not be used to convey Mrs. Leary’s home until a

 guardian was appointed by the court and an order of sale had been entered. Mrs.

 Leary had been declared incompetent and an attorney-in-fact under a DPA is

 accountable to the court appointed guardian, as well as their principal, for the sale

 and the accounting of any proceeds therefrom. N.C. Gen. Stat. § 32C-1-108(b)(2019).
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

 2. Disputed January 2017 DPA

¶ 42 Plaintiff argues summary judgment was improper because a material issue of

 fact exists pertaining to the validity of Anderson’s January 2017 DPA.

¶ 43 “A power of attorney executed in this State before January 1, 2018, the

 effective date of this Chapter is valid if its execution complied with the law of this

 State as it existed at the time of execution.” N.C. Gen. Stat. § 32C-1-106. When the

 purported DPA was created, the North Carolina statutes provided:

 A durable power of attorney is a power of attorney by which
 a principal designates another his attorney-in-fact in
 writing and the writing contains a statement that it is
 executed pursuant to the provisions of this Article or the
 words “This power of attorney shall not be affected by my
 subsequent incapacity or mental incompetence,” or . . .
 similar words showing the intent of the principal that the
 authority conferred shall be exercisable notwithstanding
 the principal’s subsequent incapacity or mental
 incompetence.

 N.C. Gen. Stat. § 32A-8 (2017) (repealed by Session Law 2017-153, s. 2.8). The

 current statute governing the validity of DPAs, provides “[a] power of attorney

 created pursuant to this Chapter is durable unless the instrument expressly provides

 that it is terminated by the incapacity of the principal.” N.C. Gen. Stat. § 32C-1-104

 (2019). N.C. Gen. Stat. § 32C-1-105 (2019) provides:

 A power of attorney must be (i) signed by the principal or
 in the principal’s conscious presence by another individual
 directed by the principal to sign the principal’s name on the
 power of attorney and (ii) acknowledged. A signature on a
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

 power of attorney is presumed to be genuine if the principal
 acknowledges the signature before a notary public or other
 individual authorized by law to take acknowledgements.

¶ 44 “[W]hen a mentally incompetent person executes a contract or deed before their

 condition has been formally declared, the resulting agreement or transaction is

 voidable. O’Neal v. O’Neal, 254 N.C. App. 309, 314, 803 S.E.2d 184, 188 (2017).

 Further, “a contract or deed executed after a person has been adjudicated

 incompetent is absolutely void absent proof that the person’s mental capacity was

 restored prior to executing the instrument. Id. at 314–15, 803 S.E.2d at 188–89.

¶ 45 Here, the medical records from Mrs. Leary’s 12 January 2017 visit with Dr.

 Foster stated Anderson was working to secure a power of attorney but had not done

 so as of that date. The medical records state, “her daughter is seeking power of

 attorney and guardianship asthma (sic) some areas no longer able to make informed

 decisions,” and “[t]oday I did advise her daughter that she cannot stand alone and I

 do suggest that she obtain power of attorney to handle all of her affairs.” Dr. Foster

 wrote “I am asking that her daughter (Rita Leary Anderson) assume power of

 attorney for Ms. Leary.”

¶ 46 The medical records tend to show Mrs. Leary had not yet issued a DPA to

 Anderson as of 12 January 2017 and Dr. Foster was requesting Anderson to obtain a

 guardianship of Mrs. Leary or a DPA. The undisputed evidence further demonstrates

 the purported 11 January 2017 DPA was not filed with the Mecklenburg County
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

 Register of Deeds until 21 October 2019, after the sale of her home had closed. This

 document was recorded 11 days after this lawsuit was filed on 10 October 2019.

¶ 47 Anderson stated under oath Mrs. Leary executed the Limited Power of

 Attorney to Sell Real Estate on 6 September 2019, nearly 15 months after Mrs. Leary

 was adjudicated incompetent.

¶ 48 A reasonable jury could find Mrs. Leary’s doctor would not have suggested and

 advised Anderson to become Mrs. Leary’s POA at the 12 January 2017 doctor’s visit

 if Mrs. Leary had already executed a DPA naming Anderson her agent the day before.

¶ 49 A reasonable jury could also find Anderson’s failure to record the purported 11

 January 2017 DPA for over two and one-half years, and until almost a month after

 the home was sold, and 11 days after this lawsuit was filed demonstrates the 11

 January 2017 DPA was not actually executed on that date or it was not executed by

 Mrs. Leary. A reasonable jury could also find if the 11 January 2017 general DPA is

 valid, then Anderson’s self-admitted subsequent Limited Power of Attorney to Sell

 Real Estate would not have been necessary. A reasonable jury could also find Mrs.

 Leary lacked capacity to authorize the 6 September 2019 limited POA after she was

 adjudicated incompetent in June 2018.

¶ 50 Genuine issues of material fact existed regarding Anderson’s authority, her

 purported DPA and limited POA to sign the deed without prior court approval and,

 the proper disposition of the proceeds from the sale.
 LEARY V. ANDERSON

 2021-NCCOA-560

 Opinion of the Court

 VI. Lis Pendens

¶ 51 For the foregoing reasons, Gokam Properties was not entitled to summary

 judgment. The trial court’s cancellation of Plaintiffs’ Notice of Lis Pendens is error

 as record notice of this pending litigation is proper. See N.C. Gen. Stat. § 1-116(a),(c)

 (2019).

 VII. Conclusion

¶ 52 Summary judgment is a well-established procedural safeguard with

 protections built in for the nonmoving party. Upon de novo review, genuine issues of

 material fact exist in the record before us. We reverse the summary judgment for

 Gokam Properties and the cancellation of Plaintiffs’ Notice of Lis Pendens and

 remand for further proceedings. It is so ordered.

 REVERSED AND REMANDED.

 Chief Judge STROUD and Judge DILLON concur.